NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAZZ PHOTO CORP., through its Liquidating Trustee BRIAN T. MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>DREIER LLP, f/k/a DREIER & BARITZ LLP, JOHN CROSSMAN and KAPLAN & GILMAN, L.L.P.,<br><br>  Defendants. | CIVIL ACTION NO. 05-5198 (DRD)<br><br><br>OPINION |

Appearances

BUDD LARNER, P.C..
Donald P. Jacobs, Esq.
Peter J. Frazza, Esq.
150 John F. Kennedy Pkwy
Short Hills, NJ 07078
    *Attorneys for Plaintiff*

MARSHALL, DENNEHY, WARNER, COLEMAN & GOGGIN
John L. Slimm, Esq.
Woodland Falls Corporate Park, Ste 300
200 Lake Drive East
Cherry Hill, NJ 08002
    *Attorneys for Defendants Dreier LLP and John Crossman*

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Thomas F. Quinn, Esq.
John P. O'Tool, Esq.
33 Washington St
Newark, NJ 07102
    *Attorneys for Defendant Kaplan, Gilman, Gibson & Dernier, L.L.P., f/k/a Kaplan & Gilman, L.L.P.*

JOHN CROSSMAN, Esq.
c/o Zukerman, Gore & Brandeis, L.L.P.
875 Third Avenue, 28th Floor
New York, New York 10022
    *Pro Se Defendant*

## *OPINION*

### DEBEVOISE, Senior District Judge

Defendant Kaplan Gilman Gibson & Dernier, LLP, formerly known as Kaplan & Gilman, LLP ("KG") has moved for leave to file a Second Amended Answer to Plaintiff's Complaint to include a counterclaim and additional affirmative defenses.

The Court has explained the underlying facts of this case in great detail in previous opinions. See Jazz Photo Corp. v. Dreir, LLP et al., No. 05-5198, slip op. (D.N.J. Mar. 15, 2006); see also Jazz Photo Corp. v. Kaplan & Gilman, LLP, No. 06-1793, slip op. (D.N.J. Jul. 13, 2006). There is no need to repeat those facts here. Plaintiff Jazz Photo Corp. ("Jazz") is undergoing liquidation pursuant to Chapter 11 of the Bankruptcy Code. The instant action alleges professional malpractice by several law firms that unsuccessfully represented Jazz in the patent infringement action that precipitated Jazz's bankruptcy ("the Fuji matter").

In the Fuji matter, Jazz was found to have infringed the patent for Fuji's Lens Fitted Film Packages ("LFFPs"), also known as "single use" or "disposable cameras." Jazz was engaged in the business of importing used/ refurbished LFFPs from foreign countries into the United States, and the Court ultimately found that Jazz failed to prove the defense of "repair" with regard to its imported LFFPs. The district court entered a verdict of approximately $30 million against Jazz, compelling it to file for bankruptcy. Jazz, through its liquidating trustee, filed the complaint in the instant action on May 23, 2005.

Jazz's remaining claims allege that its former attorneys committed professional malpractice by: (1) entering into a stipulation that limited Jazz's proofs to those which were presented in an administrative proceeding before the United States International Trade Commission (ITC or Commission), thereby impairing Jazz's ability to prove the critical affirmative defense of permissible repair; (2) failing to present proofs at trial that were readily available and of obvious and critical importance, which would have prevented the district court's conclusion - affirmed on appeal - that Jazz failed to prove the process used to refurbish 90% of the cameras at issue; (3) failing to present proof as to the number of cameras refurbished by two of Jazz's suppliers when such proof was important and available; and (4) failing to properly prepare witnesses before they were called to testify at trial.

KG represented Jazz in the Fuji matter, and also in the ITC proceedings that preceded it. KG filed its first amended answer to the complaint on February 10, 2006. On March 22, 2006, Jazz filed a separate action against KG in the Superior Court of New Jersey alleging malpractice following the Federal Circuit's decision in the ITC matter ("Jazz v. KG"). That matter was removed to the federal court but has been remanded back to the state court.

On May 5, 2006, before this Court remanded Jazz v. KG, KG filed the instant motion for leave to file its second amended answer pursuant to Fed R. Civ. P. 15. KG wishes to file a counterclaim seeking (1) declaratory judgment that it did not commit malpractice during its representation of Jazz in the ITC matter and /or that any malpractice did not cause any monetary damage to Jazz; (2) declaratory judgment that any alleged malpractice committed by KG during the ITC matter is time barred by the applicable statute of limitations; and (3) injunctive relief

conditionally limiting Jazz's right to file future lawsuits against KG.[1]

### *DISCUSSION*

The determination of a motion to amend falls within the discretion of the trial court and is governed by Fed.R.Civ.P. 15(a). See Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15(a) provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. In Foman, the Supreme Court articulated this standard, stating: "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be freely given." 371 U.S. at 182.

In the present case, each counterclaim directly involves the separate, remanded malpractice action Jazz v. KG. None of the counterclaims are relevant to this case. "[W]hen two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action. GAF Corp. v. E. I. Du Pont de Nemours & Co., 1988 U.S. Dist. LEXIS 6960 (D.N.J. 1988). While the Court in GAF Corp. acknowledged that the "First to File" rule is not inflexible,

---

[1] As part of its motion, KG additionally seeks to assert an additional affirmative defense stating that its handling of the Jazz v. ITC appeal was "done in accordance with professional standards of practice." In light of the Court's decision to remand Jazz v. KG the proposed affirmative defense is inapplicable to any of the counts contained in the instant action and will not be permitted.

it is appropriately applied to the present set of circumstances.  KG has withdrawn its motion to consolidate these matters.  Additionally, this Court has decided to remand <u>Jazz v. KG</u> to the state court.  Indeed, little purpose would be served by permitting KG to proceed with its counterclaims when it is abundantly clear that they should be tried in conjunction with the very claim they counter.  To do otherwise would unduly prejudice Jazz, and would drag out the proceedings by introducing evidence which is not otherwise relevant.  KG's motion for leave to amend will be denied on that basis.

## *CONCLUSION*

For the reasons set forth above, KG's motion for leave to file a second amended answer will be denied.

<u>/s/ Dickinson R. Debevoise</u>
Dickinson R. Debevoise, U.S.S.D.J.

July 13, 2006